IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONARD JACINTO SPELLER,

    Petitioner,

v.                                             Civil Action No. 3:09cv463

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner Leonard Jacinto Speller, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition").[1] (Docket No. 1.) Johnson filed a Motion to Dismiss (Docket No. 11) and Rule 5 Answer (Docket No. 10), providing Speller with appropriate *Roseboro*[2] notice (Docket No. 13). Johnson has moved to dismiss on the grounds that all of Speller's claims for federal habeas corpus relief are unexhausted and procedurally defaulted. Speller responded to the motion, and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT IN PART AND DENY IN PART Johnson's Motion to Dismiss. (Docket No. 11.)

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

Speller pled guilty to two counts of robbery in the Circuit Court for the City of Virginia Beach ("the Virginia Beach Circuit Court"). On July 23, 2008, the Virginia Beach Circuit Court entered the final judgment on these convictions and sentenced Speller to sixty years of imprisonment, suspending all but fifteen years of that sentence. (§ 2254 Pet. ¶¶ 2, 3.)

Speller did not file a direct appeal. On or about April 14, 2009, Speller filed a motion to reconsider his sentence. (§ 2254 Pet. Ex. A.) In that motion, Speller explained that in 2005 he had been charged with robbery in the Circuit Court for the City of Norfolk. (§ 2254 Pet. Ex. A.)[2]

> On October 18th, 2005 in Norfolk Circuit Court... Mr. Speller entered a plea agreement in which the Honorable Judge Charles E. Poston imposed a sentence of 1 year and 7 months to run concurrent with any time received in Virginia Beach as a result of the defendant's pending robbery charges there (CR05-2669).
> 2. Defendant has remained in confinement from April 29, 2005-April 14, 2009 (present). On May 01, 2006 in Virginia Beach Circuit Court, defendant pled guilty to 2 counts of robbery (CR05-2669). Unfortunately, the court did not impose a sentence in Virginia Beach until July 23, 2008. Therefore, the Norfolk sentence had already expired and was treated as a prior felony conviction.
> 3. Failure to timely determine sentencing resulted in the Department of Corrections assigning a new VSP #389712 for the current sentence. The jail credit period of May 8, 2005 to September 21, 2006 was used to satisfy the Norfolk sentence ... and has not been credited toward defendant[']s current sentence. The defendant[']s current sentence has been enhanced by 503 days.

(§ 2254 Petition Ex. A at 2-3.) Speller also argued that there had been errors in calculating his Virginia Beach robbery sentence under Virginia's advisory sentencing guidelines. (§ 2254 Pet. Ex. A at 4.) On or about May 29, 2009, the Virginia Beach Circuit Court granted Speller's motion in part. Specifically, the Virginia Beach Circuit Court ordered that Speller should receive 1 year and 9 months of credit towards his Virginia Beach robbery sentence for the time Speller

---

[2] The Court has corrected the capitalization and spelling in the quotations to Speller's submissions.

spent in the Norfolk Jail. (§ 2254 Pet. Ex. A, Virginia Beach Circuit Court Order entered May 29, 2009.) The Virginia Beach Circuit Court did not grant relief as to the sentencing guidelines claim. Speller did not file an appeal with respect to the Virginia Beach Circuit Court's adverse rulings.

Speller has not filed a state petition for a writ of habeas corpus.

On July 14, 2009, Speller filed his present § 2254 Petition. In his § 2254 Petition, Speller contends that he is entitled to relief upon the following grounds.

| | |
|---|---|
| Claim One | "The sentence was imposed as a result of an incorrect application of the sentencing guidelines." (§ 2254 Petition 6.) |
| Claim Two | "Denial of fundamental fairness in violation of [the] Sixth Amendment[³]" because Speller's sentence was "enhanced by a previous conviction." (§ 2254 Petition 7.) |
| Claim Three | "The petitioner[']s circumstances are so changed that continued confinement would be inequitable." (§ 2254 Petition 9.) |
| Claim Four | "Court may award sentencing credit for time the D.O.C. cannot award." (§ 2254 Petition 11.) |

---

[3] That amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

3

## II. Analysis

This Court may grant federal habeas relief only if the petitioner demonstrates that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is beyond the mandate of federal habeas courts, however, to correct the interpretation by state courts of a state's own laws." *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (*citing Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).

### A. Whether Speller Has Adequately Pled Grounds for Federal Habeas Relief

#### 1. Claims One and Three Do Not State a Basis for Federal Habeas Relief

Claims One and Three raise issues pertaining to state law that are not cognizable on federal habeas review. In Claim One, Speller contends that his sentence was imposed as a result of an incorrect application of Virginia's advisory sentence guidelines. Speller references 18 U.S.C. § 3742[4] and *United States v. Sanders*, 449 F.3d 1087, 1090 (10th Cir. 2006), in support of this claim. (§ 2254 Pet. 6.) That statute and case pertain to appeals of sentences under the

---

[4] Title 18 Section 3742 provides, in pertinent part:

**(a) Appeal by a defendant.**--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
    (1) was imposed in violation of law;
    (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
    (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
    (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

4

United States Sentencing Guidelines. Neither § 3742 nor *Sanders* applies to individuals who, like Speller, were convicted and sentenced in state court.

Claim Three, also alleging changed circumstance, does not identify a federal law or constitutional amendment that protects the rights of individuals convicted and sentenced in state court. Rather, Speller again references 18 U.S.C. § 3742 and other federal statutes pertaining to the United States Sentencing Commission.

Claims One and Three do not state a cognizable basis for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Johnson v. Johnson*, No. 3:08cv00560, 2009 WL 2433823, at *7 (E.D. Va. Aug. 6, 2009) (concluding "[a] challenge to Virginia's discretionary sentencing guidelines does not involve an evaluation of the Constitution or laws of the United States"). Accordingly, Claims One and Three will be DISMISSED.

### 2. Claim Four May State a Basis for Federal Habeas Relief

In Claim Four, Speller complains that the Virginia Department of Corrections has failed to credit his sentence for the 1 year and 7 months of jail credit awarded by the Virginia Beach Circuit Court. With respect to this claim, Johnson contends, "If the Department of Corrections has not complied [with the Virginia Beach Circuit Court's order], the petitioner should return to the circuit to seek enforcement of the order or proceed in mandamus. In any event, the issue is not cognizable in habeas." (Respt.'s Mem. in Supp. of Mot. to Dismiss 3.)

Johnson fails to explain why Speller's claim that the Virginia Department of Corrections is not properly executing his sentence cannot be recognized in federal habeas. *See McGinnis v.*

5

*United States ex rel. Pollack,* 452 F.2d 833, 835 (2d Cir. 1971) (affirming a grant of § 2254 relief to a state prisoner challenging the execution of his sentence). Accordingly, Johnson's motion to dismiss Claim Four on the grounds that it is not cognizable in habeas will be DENIED. Nevertheless, Speller will be required to clearly articulate the particular constitutional right that was violated with respect to Claim Four. *See infra* Part III.

### B. The Doctrines of Exhaustion and Procedural Default As They Pertain to Claims Two and Four

#### 1. Applicable Standards

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle* 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez,* 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor,* 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett,* 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt,* 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement

would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[5]

The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 2. Claims Two and Four

Johnson correctly notes that neither Claim Two nor Four are exhausted because Speller has failed to present either of these claims to the Supreme Court of Virginia. *See Baldwin*, 541 U.S. at 29. Johnson further contends that both of these claims are procedurally defaulted. As explained below, Johnson fails to demonstrate that Claims Two and Four would be barred if Speller were now to attempt to present these claims to the Supreme Court of Virginia.

#### a. Johnson Fails to Meet His Burden That Claim Two is Procedurally Defaulted Because Johnson Does Not Address Speller's Cause or Prejudice Argument

With respect to Claim Two regarding the alleged sentencing enhancement, Johnson contends that were Speller to attempt to present Claim Two to the Supreme Court of Virginia, that court would find it barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because Claim Two should have been, but was not, raised on direct appeal to the Supreme Court of Virginia. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196-97 (4th Cir. 1997).

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

8

In his response to the motion to dismiss, Speller proffers cause and prejudice to excuse such a default. Specifically, Speller suggests that any failure to pursue Claim Two on direct appeal flows from the deficient performance of counsel who failed to file an appeal as directed. (Petr.'s Resp. Mot. to Dismiss 2.) Johnson has not addressed Speller's proffer of cause.

Nevertheless, a claim of ineffective assistance of counsel as cause for the procedural default of another claim "is *itself* an independent constitutional claim." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Therefore, a claim of ineffective assistance of counsel as cause for a second constitutional claim must be exhausted, or it may be procedurally defaulted itself. *Id.* at 453. It appears Speller may still file a state petition for a writ of habeas corpus regarding counsel's failure to file an appeal.[6]

### b. Johnson Fails to Meet his Burden Establishing that Claim Four is Procedurally Defaulted

Johnson argues that Claim Four regarding the alleged improper allocation of credit to his sentencing is defaulted because it "would be rejected as not cognizable in state habeas since [it does] not attack the validity of the underlying judgment. See McClenny v. Murray, 246 Va. 132, 134, 431 S.E.2d 330, 331 (1993); McDorman v. Smyth, 187 Va. 522, [525], 47 S.E.2d 441, 443-44 (1948)." (Respt.'s Mem. in Supp. of Mot. to Dismiss 3.) In light of the Supreme Court of Virginia's recent decision in Carroll v. Johnson, 685 S.E.2d 647 (Va. 2009), Johnson fails to

---

[6] Section 8.01-654(A)(2) of the Virginia Code provides:

> A petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues. A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

9

demonstrate that either of the above the cited rules would preclude consideration on state habeas of Speller's claim that the Department of Corrections is not properly executing his sentence.[7]

In *Carroll*, the Supreme Court of Virginia explicitly overruled *McDorman*'s finding that habeas is available only where the release of the prisoner from his immediate detention would follow as a result of an order in his favor. *Id.* at 692. In *Carroll*, the Supreme Court of Virginia then considered the inmate's claim that the Virginia Department of Corrections had failed to properly calculate and execute his sentence. Thus, it appears that on state habeas, the Virginia Courts might consider a claim, like that advanced by Speller in Claim Four, that his sentence had not been properly calculated. *Id.* at 695-98.

### 3. Conclusion

For the reasons set forth above, Johnson fails to carry his burden and demonstrate that Claims Two and Four would be barred by an adequate and independent state procedural rule if Speller now were to return to state court and attempt to raise these claims. Nevertheless, if the Court were to dismiss Claims Two and Four without prejudice for lack of exhaustion and Speller were to subsequently refile for federal habeas relief, it appears that the federal statute of limitations would at least bar Claim Two. *See* 28 U.S.C. § 2244(d)(1)(A). The parties have not addressed whether a stay and abeyance of the current petition would be appropriate. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Given the foregoing circumstances, and the current state of

---

[7] *McClenny* provides that habeas corpus actions in Virginia address only "'whether or not the prisoner is detained without lawful authority,'" thus limiting scope of habeas inquiry to "'the propriety of the prisoner's present detention.'" *McClenny*, 431 S.E.2d at 331 (*quoting Smyth v. Holland*, 97 S.E.2d 745, 748 (1957)). *McDorman* held that habeas corpus in Virginia "is available only where the release of the prisoner from his immediate detention will follow as a result of an order in his favor. It is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not affect the lawfulness of his immediate custody and detention." *McDorman*, 47 S.E.2d at 443.

the briefing, the Court will DENY Johnson's motion to dismiss Claims Two and Four at this juncture. Accordingly, the Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

### III. Further Proceedings

The parties will be DIRECTED to file further submissions in accordance with the instructions below:

1.  It is difficult to discern exactly why Speller believes his constitutional rights were violated in Claims Two and Four. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) ("District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments. . . ."). Therefore, within fifteen (15) days of the date of entry hereof, Speller must file an amended version of Claims Two and Four. Each claim must be set forth in a separately captioned paragraph. The amended version of each claim should provide a coherent narrative of the facts that support each separate claim and identify the relevant constitutional principle(s). The amended version of each claim must stand or fall of its own accord. Speller may not adopt by reference prior arguments or submissions.

2.  Within fifteen (15) days of the date of entry hereof, Speller must brief whether stay and abeyance of the § 2254 Petition is appropriate while Speller exhausts Claims Two and Four in the Virginia courts. *See Rhines v. Weber,* 544 U.S. 269, 277-78 (2005); *Payne v. Johnson,* No. 3:07cv00614, 2008 WL 3843447, at *1 (E.D. Va Aug. 15, 2008). The Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines,* 544 U.S. at 277. Thus, the petitioner must demonstrate "[1] good cause for his failure to

exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.[8]

3. Furthermore, to the extent that Speller wishes the Court to stay and hold the § 2254 Petition in abeyance while he pursues state court remedies, he must immediately begin pursuing such remedies. *See id.* at 278 (suggesting that a petitioner should be required to pursue state court remedies within thirty days of the entry of the stay and return to the federal court within thirty days of the resolution of the state court proceedings) (*quoting Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Accordingly, within fifteen (15) days of the date of entry hereof, he must file a copy of the state petition for a writ of habeas corpus that he has filed in the Virginia courts. If Speller fails to comply with the above directives, his claims will be dismissed. *See* Fed. R. Civ. P. 41(b).

4. Within thirty (30) days of the date of entry hereof, Johnson shall submit his further response to Speller's amended claims and address the issue of stay and abeyance.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7/2/10

---

[8] The Court notes that it advised Speller upon receipt of his § 2254 Petition that he must exhaust state court remedies for all of his claims "by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding." (July 30, 2009 Mem. Order ¶ 6.)