IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEONARD JACINTO SPELLER,**

Petitioner,

v.                                                    Civil Action No. **3:09CV463**

**GENE M. JOHNSON,**

Respondent.

## MEMORANDUM OPINION

Petitioner, Leonard Jacinto Speller, a Virginia inmate proceeding *pro se*, brings this

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The matter is before the

Court on Respondent's Second Motion to Dismiss.  Respondent filed the appropriate *Roseboro*[2]

notice.  (Docket No. 34.)  Speller has responded.  The matter is ripe for disposition.

### I.  History of the § 2254 Proceedings

#### A.      The Initial § 2254 Proceedings

On July 14, 2009, Speller filed his original § 2254 Petition.  In his original § 2254

Petition, Speller asserted that he was entitled to relief upon the following grounds:

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
entertain an application for a writ of habeas corpus in behalf of a person in
custody pursuant to the judgment of a State court only on the ground that he is in
custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Claim One     "The sentence was imposed as a result of an incorrect application of the sentencing guidelines." (§ 2254 Pet. 6.)[3]

Claim Two     "Denial of fundamental fairness in violation of [the] Sixth Amendment[4]" because Speller's sentence was "enhanced by a previous conviction." (§ 2254 Pet. 7.)

Claim Three    "The petitioner[']s circumstances are so changed that continued confinement would be inequitable." (§ 2254 Pet. 9.)

Claim Four    "Court may award sentencing credit for time the D.O.C. cannot award." (§ 2254 Pet. 11.)

By Memorandum Opinion and Order entered on July 2, 2010, the Court dismissed

Claims One and Three. *Speller v. Johnson*, No. 3:09cv463, 2010 WL 2653374, at *2 (E.D. Va.

July 2, 2010). The Court noted that it was difficult to discern why Speller believed his

constitutional rights were violated in Claims Two and Four and directed Speller, within fifteen

(15) days from the date of entry thereof, to file an amended version of Claims Two and Four. *Id.*

at *5-6. Additionally, the Court directed Speller to brief whether stay and abeyance of the

§ 2254 Petition was appropriate while Speller exhausted Claims Two and Four in the Virginia

courts. *See id.* at *6 (*citing Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Payne v. Johnson*,

No. 3:07CV614, 2008 WL 3843447, at *1 (E.D. Va. Aug. 15, 2008)). The Court directed

---

[3] The Court has corrected the capitalization in the quotations to Speller's submissions.

[4] That amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.

2

Respondent, within thirty (30) days of the date of entry thereof, to submit his further response to Speller's amended claims and address the issue of stay and abeyance.

Respondent complied with the July 2, 2010 Memorandum Opinion and Order on August 2, 2010, prior to Speller's submission of his amended Claims Two and Four, addressing Claims Two and Four as pled in the original § 2254 Petition. Respondent asserted that the Court should dismiss Claim Two, but hold Claim Four in abeyance pending the resolution of his state habeas proceedings.

On September 14, 2010, Speller filed an amended version of Claims Two and Four with this Court. (Pet'r's Am. Version Claims Two & Four.) By Memorandum Order entered on February 14, 2011, the Court ordered that Speller's amended version of Claims Two and Four supplanted Claims Two and Four as pled in the original § 2254 Petition. On March 21, 2011, Respondent submitted documentation that indicated Speller had completed his state habeas proceedings. Accordingly, by Memorandum Order entered on April 25, 2011, the Court directed Johnson to file a further dispositive motion with respect to Amended Claims Two and Four.

### B.    Speller's Amended Claims

Speller now contends that he is entitled to relief upon the following grounds:

#### Claim 2:
[A.] [P]etitioner contends that he was denied his right to fundamental fairness under the Due Process Clause of the Fourteenth Amendment,[5] U.S. Constitution (and any other applicable amendment), due to the inordinate delay between his guilty plea (5.06.05), Sentencing (7.23.08) and transfer to a receiving unit of the Virginia Department of Corrections ("VDOC") (4.16.10), and incorrect information, causing a miscarriage of justice and prejudice to the petitioner.
[B.]    Furthermore, the petitioner's right to effective assistance of counsel, pursuant to the Sixth Amendment of the U.S. Constitution was violated when

---

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

3

counsel failed to initiate an appeal of petitioner's sentence after being instructed to do so.

**Claim 4**:

Problem: The VDOC has enhanced the 15 year sentenced [sic] imposed by the court by not according petitioner with all earned time credit for his jail credits, causing the petitioner to serve an extra seven months, which amounts to a miscarriage of justice. Solution: Accord petitioner all earned time credit for all his jail time. Run both sentences concurrently pursuant to court orders and award habeas relief to reflect petitioner's date as December 29, 2017.

(*Id.* at 1-2.)

On May 25, 2011, Respondent filed his Second Motion to Dismiss. Respondent contends that Claims 2A and 4 are defaulted. Additionally, Respondent notes that Speller has not obtained leave of Court to file Claim 2B. Respondent correctly notes that Claim 2B "is not 'an amended version' of either of the two previous claims still before the Court." (Mem. Supp. Second Mot. Dismiss (Docket No. 33) ¶ 9.) For the reasons set forth below, the Court dismisses Claims 2A and 4 as procedurally defaulted. Additionally, because the statute of limitations bars Claim 2B, the Court denies Speller's attempt to amend his § 2254 Petition to add that claim.

Respondent attached to his Second Motion to Dismiss an affidavit from Wendy K. Brown, the Manager of the Court and Legal Services Section of the VDOC. (Mem. Supp. Second Mot. Dismiss Ex. B.) In her affidavit, Ms. Brown explains how the VDOC has executed Speller's sentence. Speller has moved to strike Brown's affidavit. Speller notes Respondent did not present Ms. Brown's affidavit in the state habeas proceedings. Speller contends Ms. Brown's affidavit must be struck because 28 U.S.C. § 2254(d)[6] limits this Court to considering

---

[6] That statute provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

4

the claims in the factual posture in which they were presented in the state courts. The Court,

however, merely refers to Ms. Brown's affidavit to provide factual background on Speller's

claims and not to resolve the merits of those claims. Speller fails to demonstrate that § 2254(d)

requires the exclusion of Ms. Brown's affidavit for this function.[7] Accordingly, Speller's Motion

to Strike (Docket No. 36) will be DENIED.

## II. State Procedural History

Speller committed a series of robberies in Norfolk and Virginia Beach in the spring of

2005.   On April 22, 2005, Speller robbed, at gunpoint, a woman working at a Texaco station in

Virginia Beach. On April 27, 2005, Speller robbed, at gunpoint, a woman working at a Red

Roof Inn in Virginia Beach. Around this same time, Speller committed another robbery in

Norfolk, Virginia. Norfolk authorities took Speller into custody and, as explained below, he

eventually pled guilty to the above crimes. In the present § 2254 Petition, Speller challenges his

sentence from the Circuit Court for the City of Virginia Beach ("Virginia Beach Circuit Court").

### A.    Service of the Sentence on the Norfolk Robbery Charge

Speller pled guilty to one count of robbery in the Circuit Court for the City of Norfolk

("Norfolk Circuit Court"). On October 18, 2005, the Norfolk Circuit Court sentenced Speller to

---

claim *that was adjudicated on the merits* in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

[7] Moreover, the Rules Governing § 2254 Cases in United District Courts permit consideration of affidavits submitted by the parties. Rule 7, Rules Governing § 2254 Cases in U.S. District Courts ("Affidavits may also be submitted and considered as part of the record.").

an active term of imprisonment of one year and seven months. The Norfolk Circuit Court

ordered that such sentence should run concurrent with the Virginia Beach Convictions. Because

Speller had yet to be convicted on the Virginia Beach charges, the Norfolk Sentence could not be

run concurrent with any Virginia Beach sentence. Therefore, Speller began to serve his Norfolk

Sentence, in the Virginia Beach City and Norfolk City Jails while awaiting resolution of his

Virginia Beach charges. (Mem. Supp. 2nd Mot. Dismiss Ex. B ("Brown Aff.") ¶¶ 5, 6.) Speller

received credit against that sentence for the time he had spent in Norfolk and Virginia Beach

City Jails between April 29, 2005 and September 21, 2006. (*Id.* ¶ 13.) Speller was discharged

from this sentence on September 21, 2006.[8] (*Id.* ¶ 6.)

B. **Virginia Beach Convictions and Sentence**

When first charged in Virginia Beach, Speller demanded a trial. Nevertheless, over the

ensuing months Speller began to cooperate with the authorities, and on May 1, 2006, Speller pled

guilty to two counts of robbery in the Virginia Beach Circuit Court. Speller's counsel, along

with the prosecutor, repeatedly moved to continue Speller's sentencing pending Speller's

testimony for the prosecution in a murder trial. The murder trial apparently was conducted in or

around April of 2008. After the murder trial, Speller's sentencing was continued on multiple

---

[8] As of September 21, 2006, Speller physically had served one year, four months, and
twenty-four days on the Norfolk Sentence. The balance of Speller's one-year seven-month
sentence from the Norfolk Circuit Court was satisfied by his accumulation of 2.25 days of
Earned Sentence Credits ("ESCs") per month against his Norfolk Sentence for the period
between April 29, 2005 and September 21, 2006. (Brown Aff. ¶ 15.)

In 1994, the Commonwealth of Virginia created a system of ESCs applicable to felony
offenses committed on or after January 1, 1995. Under Virginia Code § 53.1-202.2 (2005),
"[e]very person who is convicted of a felony offense committed on or after January 1, 1995, and
who is sentenced to serve a term of incarceration in a state or local correctional facility shall be
eligible to earn sentence credits in the manner prescribed . . . ." The statute defines ESCs as
"deductions from a person's term of confinement earned through adherence to [statutory]
rules . . . through program participation . . . and by meeting such other requirements as may be
established by law or regulation." *Id.*

6

occasions because defense witnesses were not available.[9] On July 23, 2008, the Virginia Beach

Circuit Court sentenced Speller to sixty years of imprisonment on the two robbery charges with

all but fifteen years of that sentence suspended. Additionally, at the request of the prosecution,

the Virginia Beach Circuit Court *nolle prossed* the pending charge of use of a firearm during the

commission of a felony. Speller did not appeal.

### 1.    The September 18, 2008 Motion to Reconsider

In a letter dated July 28, 2008, Speller, acting without counsel, wrote directly to his

sentencing Judge, the Honorable Joseph A. Canada, Jr. and asked for permission to file a motion

to reconsider his sentence before the 21-day period for such a motion expired.[10] On August 6,

2008, the Virginia Beach Circuit Court filed a letter from Speller requesting that the Clerk send

him a copy of his sentencing order and an example of a motion to reconsider a sentence.[11] On

September 18, 2008, Speller's counsel filed in the Circuit Court a motion to reconsider Speller's

sentence. On October 17, 2008, the Virginia Beach Circuit Court entered an order directing that

Speller remain detained at the Virginia Beach Correctional Center (which is not part of the

VDOC) pending resolution of the motion to reconsider Speller's sentence.[12]

---

[9] At sentencing, defense counsel called the prosecutor in the murder case in which Speller had cooperated with the prosecution.

[10] A handwritten notation on the top of the letter indicates that a copy of the letter was forwarded to Speller's attorney.

[11] A handwritten notation on the top of the letter indicates the Clerk sent Speller a copy of his sentencing order.

[12] Generally, a circuit court in Virginia loses jurisdiction over a sentence twenty-one days after it enters judgment. *See Neely v. Commonwealth*, 604 S.E.2d 733, 734 (Va. Ct. App. 2004) (*quoting* Va. Sup. Ct. R. 1:1). Section 19.2-303 of the Virginia Code, however, permits a Circuit Court to modify or suspend any portion of the unserved sentence "'at any time before the

On January 12, 2009, Speller filed a *pro se* letter requesting that the Circuit Court consider reducing his sentence. On January 13, 2009, the Circuit Court entered a margin order denying Speller's request. On January 20, 2009, the Circuit Court signed a formal order denying Speller's request.

On January 28, 2009, Speller filed a request for the Circuit Court to reappoint counsel to represent him. A handwritten letter notation indicates that a copy of the letter was forwarded to Speller's attorney.

On February 25, 2009, the Circuit Court received a letter from Speller's counsel reminding the Circuit Court that it had not ruled on the September 18, 2008 Motion to Reconsider. On March 2, 2009, the Circuit Court denied the September 18, 2008 Motion to Reconsider.

### 2. April 14, 2009, April 17, 2009, and May 21, 2009 Motions to Reconsider

On April 14, 2009, counsel for Speller filed another Motion to Reconsider Speller's sentence. In this motion, counsel mentioned for the first time that the delay in sentencing Speller on the Virginia Beach charges had deprived Speller of receiving the benefit of having his Norfolk sentence run concurrent with the Virginia Beach sentence as apparently anticipated by the Norfolk Circuit Court.

On April 20, 2009, the Virginia Beach Circuit Court granted the Motion to Reconsider and directed that the matter be placed on the Circuit Court's docket. On May 26, 2009, the Virginia Beach Circuit Court awarded Speller jail credit against his Virginia Beach sentence for

---

person is transferred to the [Virginia] Department [of Corrections].'" *Id.* (*quoting* Va. Code Ann. § 19.2-303).

time spent in jail on his Norfolk Sentence. On May 29, 2009, the Virginia Beach Circuit Court entered an order reflecting this decision.[13]

On April 17, 2009, the Circuit Court filed a letter from Speller requesting that the Court reconsider his sentence. On June 15, 2009, the Circuit Court entered a separate order denying that request. On May 21, 2009, Speller filed another letter asking the Court to reconsider his sentence. On June 10, 2009, the Circuit Court entered a margin order denying Speller's request.

### 3. June 23, 2009 Letter

In a letter dated June 23, 2009, Speller once again asked the Circuit Court to reconsider imposing a lesser sentence. On June 29, 2009, the Circuit Court entered a margin order denying this request.

### 4. November 10, 2009 Letters

On November 10, 2009, Speller filed a letter with the Virginia Beach Circuit Court, directed to Judge Canada, again requesting that the Circuit Court impose a lesser sentence. On November 16, 2009, the Circuit Court entered a margin order denying the request.

On November 10, 2009, Speller also filed a letter directed to the Clerk of the Virginia Beach Circuit Court wherein he requested that the Circuit Court impose a lesser sentence. By separate order entered on November 19, 2009, the Circuit Court denied this request.

---

[13] The Virginia Beach Circuit Court initially awarded Speller one year and nine months of credit against his Virginia Beach sentence. On June 24, 2009, the Virginia Beach Circuit Court *sua sponte* entered an Order of Correction to correct "a clerical error" in the prior order. *Commonwealth v. Speller*, No. CR05-2699, at 1 (Va. Cir. Ct. June 24, 2009). The Order of Correction reflected that Speller was to be awarded one year and seven months of jail credit against his Virginia Beach sentence. *Id.*

5.   **December 18, 2009 Letter**

In a letter dated December 18, 2009, Speller again requested that the Virginia Beach Circuit Court consider imposing a lesser sentence. On December 22, 2009, by margin order and by a separate order, the Circuit Court denied the motion to reconsider. After the December 18, 2009 letter, Speller did not file any further requests with the Virginia Beach Circuit Court until July 16, 2010.

6.   **Speller's State Habeas Proceedings**

On July 16, 2010, Speller filed a petition for a writ of habeas corpus ("State Habeas Petition") with the Virginia Beach Circuit Court.[14] Thereafter, Speller moved for leave to clarify his habeas claims. On August 4, 2010, the Virginia Beach Circuit Court granted Speller leave to amend his State Habeas Petition. In his Clarified Habeas Claims and Supporting Facts, Speller set forth the following grounds for relief:

<u>Claim 1</u>

Petitioner's right to due process and fundamental fairness under the Fourteenth Amendment (and any other applicable amendments) to the U.S. Constitution was violated when the Virginia Department of Corrections failed to credit petitioner the full amount of his 1 year and seven months sentenced [sic] for robbery imposed on October 16, 2008 by not running that time concurrent with 15 year sentenced [sic] received in Va. Beach Circuit Court, pursuant to court orders.

---

[14] In that petition, Speller raised the following grounds for relief:

a.   Denial of fundamental fairness in violation of the Sixth Amendment
b.   Court may award sentencing credit for time the D.O.C. cannot award [and]
c.   Ineffective assistance of counsel.

Petition for a Writ of Habeas Corpus, *Speller v. Dir., Va. Dep't Corr.*, No. CL10-3889, ¶ 14 (Va. Cir. Ct. filed July 16, 2010). The undersigned's July 2, 2010 Memorandum Opinion and Order prompted Speller to file his State Habeas Petition. *Speller v. Johnson*, No. 3:09cv463, 2010 WL 2653374, at *6 (E.D. Va. July 2, 2010).

10

## Supporting facts

Petitioner was arrested on April 29, 2005 and remained in custody ever since. On October 18, 2005, the Norfolk Circuit Court sentenced petitioner to 1 year and 7 months for a robbery charge he entered an Alford plea to. By order dated October 18, 2005, the Norfolk Circuit Court . . . ordered this sentence to run concurrent with any time petitioner received in [the Virginia Beach Circuit Court] . . . .

On July 23, 2008, [the Virginia Beach Circuit Court] sentenced petitioner to 60 years with 45 suspended on the two robbery charges, leaving petitioner with 15 years to serve. On May 26, 2009, [the Virginia Beach Circuit Court] ordered the petitioner to be accorded credit for the Norfolk sentence of 1 year and 7 months towards the 15 years sentence. Therefore, with good conduct allowance and both sentences ran [sic] concurrently, petitioner's release date should be December 29, 2017.

However, *the Virginia Department of Corrections (VDOC) has calculated petitioner's release date to July 3, 2018. The VDOC is not running petitioner's Norfolk sentence of 1 year and 7 months concurrently with the Virginia Beach 15-year sentence.*

. . . .

## Claim 2

Petitioner's right to Effective Assistance of Counsel pursuant to the Sixth Amendment of the U.S. Constitution was violated when counsel failed to initiate an appeal after being instructed by petitioner to do so.

## Supporting facts

On May 5, 2006, petitioner pled guilty before this Court to 2 counts of robbery, as indicated in the present habeas pleading. On July 23, 2008, the Court sentenced petitioner. On this same day, petitioner instructed counsel to initiate an appeal because there were problems with the sentence. On August 13, 2008, counsel saw petitioner at the jail to discuss his options. Counsel wanted to pursue a Motion to Reconsider. . . .

Counsel had 21-days to file a Motion to Reconsider from the Court's Final Order on July 23, 2008, during which the Court has authority to act. Conversely, counsel had 30-days from that date to file a Notice of Appeal if the Court denies the motion. Therefore, both could be done without prejudicing the other. Counsel filed the Motion to Reconsider, but he failed to initiate an appeal by filing a Notice of Appeal in the time and manner prescribed by law.

Clarified Habeas Claims and Supporting Facts, *Speller v. Dir., Va. Dep't Corr.*, No. CL10-3889,

at 1-2 (Va. Cir. Ct. filed Aug. 2, 2010) (emphasis added).   Respondent moved to dismiss.

On September 13, 2010, the Virginia Beach Circuit Court denied Speller's habeas

petition. *Speller v. Dir., Va. Dep't Corr.*, No. CL10-3889, at 2 (Va. Cir. Ct. Sept. 13, 2010).   The

Virginia Beach Circuit Court concluded,

> [C]laim 1 is barred by the state statute of limitations, Virginia Code § 8.01-
> 654(A)(2), as untimely filed.   The Court further rules that the Department of
> Corrections has not improperly calculated the petitioner's sentence.   The Court
> further rules that, under the criteria set forth in *Strickland v. Washington*, 466 U.S.
> 668 (1984), the petitioner has not shown that his attorney was ineffective and that,
> therefore, claim 2 should be dismissed.

*Id.*   Speller appealed.   On March 17, 2011, in a summary order, the Supreme Court of Virginia

refused Speller's petition for appeal. *Speller v. Johnson*, No. 102035, at 1 (Va. Mar. 17, 2011).

### III. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)).   The purpose of

the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

(internal quotation marks omitted).   Exhaustion has two aspects.   First, a petitioner must utilize

all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v.

Boerckel*, 526 U.S. 838, 844–48 (1999).   As to whether a petitioner has used all available state

remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles'" must be presented to the state court." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (*quoting Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman,*

13

501 U.S. at 735 n.1).[15]  The burden of pleading and proving that a claim is procedurally

defaulted rests with the state.  *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010)

(citing cases).  Absent a showing of cause and prejudice or a fundamental miscarriage of justice,

this Court cannot review the merits of a defaulted claim.  *See Harris v. Reed*, 489 U.S. 255, 262

(1989).

      Respondent concedes that to the extent that Claims 2A and 4 challenge the actions of the

VDOC in executing Speller's sentence (as opposed to the actions of the Virginia Beach Circuit

Court in imposing Speller's sentence), Claims 2A and 4 are exhausted because Speller raised the

claims in his State Habeas Petition as Claim 1 in the Virginia Beach Circuit Court and on appeal

to the Supreme Court of Virginia.  Nevertheless, Speller procedurally defaulted these claims.

Specifically, the Virginia courts refused to review the substance of Claims 2A and 4 pursuant to

section 8.01-654(A)(2) of the Virginia Code.[16]  The statute provided, in pertinent part:

> A petition for writ of habeas corpus ad subjiciendum, other than a petition
> challenging a criminal conviction or sentence, *shall be brought within one year*
> *after the cause of action accrues*.  A habeas corpus petition attacking a criminal
> conviction or sentence . . . shall be filed within two years from the date of final
> judgment in the trial court or within one year from either final disposition of the
> direct appeal in state court or the time for filing such appeal has expired,
> whichever is later.

Va. Code § 8.01-654(A)(2) (emphasis added).  Because Claims 2A and 4 challenged the

execution of Speller's sentence, Speller had one year after discovering that the VDOC allegedly

---

[15] Under these circumstances, even though the claim has not been fairly presented to the
Supreme Court of Virginia, the exhaustion requirement is "technically met."  *Hedrick v. True*,
443 F.3d 342, 364 (4th Cir. 2006) (*citing Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[16] Because the Supreme Court of Virginia summarily rejected Speller's petition for
appeal, it is presumed that the Supreme Court of Virginia refused the claims for the reasons
stated by the Circuit Court.  *See White v. Johnson*, No. 2:05cv365, 2006 WL 2520113, at *4
(E.D. Va. Aug. 25, 2006) (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

denied him "all earned time credit for his jail credits" (Pet'r's Am. Version Claims Two & Four

2) to file his state habeas petition. *See Wallace v. Jarvis*, 726 F. Supp. 2d 642, 645-46 (W.D. Va.

2010). Speller did not file his State Habeas Petition until July 16, 2010. The Virginia Beach

Circuit Court concluded that Speller's cause of action with respect to the VDOC's execution of

his sentence accrued before July 16, 2009, thus section 8.01-654(A)(2) of the Virginia Code

barred Speller's claim challenging the execution of his sentence.[17] Section 8.01-654(A)(2)

constitutes an adequate and independent procedural rule when so applied. *See id.*; *see also Silk

v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (*citing Sparrow v.

Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006)). Thus, Speller has

procedurally defaulted Claims 2A and 4.

　　To the extent that Speller contends that the Virginia Beach Circuit Court (rather than the

VDOC) violated his rights by delaying his sentencing and his eventual transfer to the VDOC,

Speller has not properly exhausted such a claim. Speller did not present any alleged error by the

Virginia Beach Circuit Court in his State Habeas Petition. Contrary to Speller's suggestion, he

did not fairly present a claim alleging sentencing error by the Virginia Beach Circuit Court by

---

[17] In Respondent's Motion to Dismiss filed in the Virginia Beach Circuit Court, Respondent noted that the VDOC had not taken any action upon Speller's sentence since June 5, 2009, when it issued a legal update. Additionally, the Circuit Court's record contained a courtesy copy of a January 6, 2009 letter from the VDOC responding to Speller's inquiry "regarding missing jail credit for the period of May 8, 2005 to December 15, 2008." January 6, 2009 Letter, *Commonwealth v. Speller*, CR05-2669 (Va. Cir. Ct. filed April 23, 2009). Both of these circumstances support the Virginia Beach Circuit Court's conclusion that Speller knew of any alleged error in calculating his sentence prior to July 16, 2009 and thus failed to file his state habeas petition in a timely manner.

raising the issue for the first time in his collateral appeal of the dismissal of his State Habeas Petition.[18]

"Presenting claims for the first time to a state's highest court in a petition for discretionary review after failing to raise the claim in prior proceedings ordinarily cannot satisfy the exhaustion requirement." *Bethea v. Dir., Dep't of Corr.*, No. 3:09cv613, 2011 WL 497896, at *4 (E.D. Va. Feb. 7, 2011) (internal footnoted omitted) (*citing Castille v. Peoples*, 489 U.S. 346, 351 (1989)).  Because Speller complained about the Virginia Beach Circuit Court's inordinate delay in conducting his sentencing for the first time in his petition for appeal seeking discretionary review by the Supreme Court of Virginia, he did not properly exhaust any claim of error by the Circuit Court on collateral review.  *See id.* (*citing Ivey v. Catoe*, 36 F. App'x 718, 730 n.11 (4th Cir. 2002); *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004); *Cruz v. Warden*, 907 F.2d 665, 669 (7th Cir. 1990)); *Green v. Dir., Va. Dep't of Corr.*, 7:11CV00146, 2011 WL 2947047, at *6 n.* (W.D. Va. July 19, 2011) (*citing Castille*, 489 U.S. at 351).

Furthermore, if Speller were to attempt to present any claims of error by the Virginia Beach Circuit Court to the Virginia courts now, such claims would be barred by section 8.01-654(B)(2) of the Virginia Code.  That provision provides, in pertinent part, that a petition for writ of habeas corpus "shall contain all allegations the facts of which are known to petitioner at the time of filing. . . .  No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."  Va. Code Ann. § 8.01-654(B)(2) (West 2011).  Section 8.01-654(B)(2) constitutes an adequate and independent

---

[18] In his petition for appeal from the Virginia Beach Circuit Court's decision, Speller stated that "it was the [Virginia Beach Circuit Court], which caused the error in the first place with its inordinate delay in sentencing petitioner."  Petition for Appeal, *Speller v. Johnson*, No. 102035, at 4 (Va. Mar. 17, 2011).

procedural bar when so applied. *See George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). Accordingly, Claims 2A and 4 are procedurally defaulted and will be dismissed.[19]

### IV. Speller's Attempt to Amend his § 2254 Petition to Add Claim 2B

Speller has not received permission to amend his § 2254 Petition to add Claim 2B. "[H]abeas applications 'may be amended . . . as provided in the rules of procedure applicable to civil actions.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (omission in original) (*quoting* 28 U.S.C. § 2242). Under Federal Rule of Civil Procedure "15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citing cases). Leave to amend is appropriately denied as futile when, as is the case here, the statute of limitations bars the new claim. *See Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 1792460, at *1 (E.D. Va. May 5, 2011).

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

---

[19] Speller's underlying constitutional complaint about the execution of his sentence also lacks merit. Speller asserts,

> Speller could only earn up to 2.25 days of earned sentence credits for every 30 days served in jail. If Speller's guilty plea and sentencing would have been properly adjudicated, he would have been eligible to start receiving 4.5 [ESCs] for every 30 days served in jail in a more timely fashion, rather than the two years and three-months delay between guilty plea (May 6, 2006) and (August 21, 2008) the date Speller became a [VDOC] offender and eligible to begin receiving 4.5 days for every 30 days served beyond August 21, 2008.

(Pet'r's Resp. Opposing Second Mot. Dismiss 2 (internal quotation marks and citations omitted).) Speller, however, has no protected liberty interest in earning the maximum number of Earned Sentence Credits against his sentence. *See Puranda v. Johnson*, 3:08CV687, 2009 WL 3175629, at *4-5 (E.D. Va. Sept. 30, 2009).

of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically,

28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  As explained below, § 2244(d)(1)(d) controls the commencement

of the statute of limitations in this matter.

## B.    Commencement of the Statute of Limitations

Because Speller did not file a notice of appeal, his judgment became final, as that term is

defined for purposes of § 2244(d)(1)(A), thirty (30) days after it was entered in the Virginia

Beach Circuit Court.  *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v.*

*Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Va. Sup. Ct. R. 5A:6 (2008).[20] The

Virginia Beach Circuit Court entered judgment on Speller's case on July 23, 2008, and thus his

judgment became final within the meaning of § 2241(d)(1)(A) on Thursday, August 21, 2008.[21]

Speller then had one year, or until Friday, August 21, 2009, to file any federal habeas challenge

to his conviction or sentence. 28 U.S.C. § 2244(d)(1)(A).

Nevertheless, because Speller complains in Claim 2B that counsel failed to file a notice

of appeal as directed, 28 U.S.C. § 2244(d)(1)(D), which provides that the statute of limitations

commences on "the date on which the factual predicate of the claim or claims presented could

---

[20] The 2008 Rule read, in relevant part:

> *Timeliness.* – No appeal shall be allowed unless, within 30 days after entry
> of final judgment or other appealable order or decree, counsel files with the clerk
> of the trial court a notice of appeal, and at the same time mails or delivers a copy
> of such notice to all opposing counsel and the clerk of the Court of Appeals.

Va. Sup. Ct. R. 5A:6(a) (Michie 2008).

[21] The Virginia Beach Circuit Court's decision to modify Speller's sentence in May and
June of 2009 does not alter the date at which Speller's criminal judgment became final for
purposes of 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1)(A) defines finality by referencing
the conclusion of direct review or the expiration of the time for seeking such review. Thus, the
courts "have uniformly held that when a court corrects a clerical error in a criminal judgment, the
AEDPA's one-year limitations period does not begin anew when the court corrects the clerical
error." *Black v. Tucker*, No. 3:10cv391/LAC/EMT, 2011 WL 4552201, at *4 n.4 (N.D. Fla.
Aug. 26, 2011) (citing cases, including *United States v. Dodson*, 291 F.3d 268, 275 (4th Cir.
2002)). Similarly, the courts have rejected the notion that alterations to a defendant's sentence,
short of a resentencing, alter the date at which finality attaches for purposes of the AEDPA's
statute of limitations. *See Graham v. Smelser*, 422 F. App'x 705, 707 (10th Cir. 2011) (rejecting
petitioner's argument that the statute of limitations commenced not on the expiration of the time
for pursuing direct review, but on later date where trial court entered an order awarding
petitioner credit for time served); *Dodson*, 291 F.3d at 275 ("noting that finality is not delayed if
an appellate court disposes of all counts in a judgment of conviction but remands for a
ministerial purpose that could not result in a valid second appeal" (*citing United States v. Wilson*,
256 F.3d 217 (4th Cir. 2001); *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001)
(holding that defendant's resentencing pursuant to Fed. R. Crim. P. 35(b) did not alter the date at
which his conviction became final). Nevertheless, as discussed below, *see infra* Part IV.C,
Speller's motions for reconsideration of his sentence warrant statutory tolling pursuant to 28
U.S.C. § 2244(d)(2).

have been discovered through the exercise of due diligence," governs the date the statute of limitations begins to run. *See Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000) (observing that "due diligence plainly did not require [petitioner] to check up on his counsel's pursuit of an appeal on . . . the very day on which [petitioner's] conviction became final absent appeal" (*citing Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000))).

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. *Id.* at 190-91. Petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (*quoting Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (*citing Aron*, 291 F.3d at 712). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Once Speller requested that counsel file an appeal, it was incumbent upon Speller to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. *See El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2-3 (E.D. Va. June 4, 2008) (Spencer, J). Additionally, "when counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *2 (*citing Shelton v. Ray*, No. 7:05CV00271, 2005 WL 1703099, at *2 (W.D. Va. July 20, 2005)).

Here, Speller fails to state whether counsel even responded to Speller's July 23, 2008 request to appeal, much less state the substance of that response. Clarified Habeas Claims and Supporting Facts, *Speller v. Dir., Va. Dep't Corr.*, No. CL10-3889, at 2 (Va. Cir. Ct. filed Aug. 2, 2010). Speller admits that he saw counsel again on August 13, 2008. *Id.* Speller does not indicate that he received any assurance from counsel that counsel had noted an appeal. Instead, Speller states that counsel wanted to pursue a motion to reconsider Speller's sentence.

Counsel's failure to note a timely appeal was discoverable as of August 22, 2008, when it became a part of the public record. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008). Although Speller could have discovered his counsel's failure to file an appeal by August 22, 2008, "to require that he do so ignores the reality of [life for incarcerated individuals] and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (*citing Wims*, 225 F.3d at 190 n.4). Nevertheless, given counsel's apparent silence about Speller's appeal, due diligence required that Speller follow up with counsel or the Virginia Beach Circuit Court at least within four months following Speller's initial request that counsel file an appeal on July 23, 2008. *See United States v. Crawley*, No. 3:07CR488, 2012 WL 32402, at *3 (E.D. Va. Jan. 5, 2012) (Payne, J.). Thus, with due diligence Speller could have discovered that counsel had not filed an appeal by Wednesday, November 19, 2008. Nevertheless, as explained below, the statute did not begin running because it remained tolled pursuant to 28 U.S.C. § 2244(d)(2).

## C. Statutory Tolling

The AEDPA's one-year statute of limitations is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to

the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2).[22]  Recently, in *Wall v. Kholi*,

131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence

under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d) for the

purpose of constituting "post-conviction or other collateral review with respect to the pertinent

judgment" as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S. Ct. at 1281. The Supreme

Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a

judgment in a proceeding that is not part of direct review," *id.* at 1282, and reasoned that

"[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part

of the direct review process, we hold that respondent's motion [to reduce sentence] tolled the

AEDPA limitation period." *Id.*  Speller's motions to reconsider his sentence were not part of the

direct review process, and thus would qualify as an "application for . . . collateral review" under

§ 2244(d)(2). *See Mixson v. Warden*, No. 7:11CV00308, 2011 WL 4578346, at *2 n.3 (W.D.

Va. Sept. 30, 2011) (concluding that a Virginia inmate's motion to vacate or modify his sentence

qualified for statutory tolling).  For purposes of the statute of limitations analysis, the Court

assumes Speller's motions and requests to modify his sentence were properly filed.[23]

Nevertheless, even with this generous assumption, Claim 2B remains untimely.

### 1.    First Running of the Limitation Period–42 Days

As of November 19, 2008, the date the limitation period commenced for Claim 2B,

Speller's September 18, 2008 Motion to Reconsider remained pending before the Virginia Beach

Circuit Court. Thus, the limitation did not begin running until the Virginia Beach Circuit Court

---

[22] Speller's *federal* application for habeas does not toll the limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).

[23] Respondent has not addressed Speller's attempt to amend his § 2254 Petition. Thus, the Court does not have the benefit of Respondent's position as to whether Speller's motions to reconsider his sentence were properly filed under Virginia law.

denied the September 18, 2008 Motion to Reconsider on March 2, 2009. The limitation period

ran for 42 days until Speller's counsel filed the April 14, 2009 Motion to Reconsider.

### 2.   Second Running of the Limitation Period–7 Days

The April 14, 2009 Motion to Reconsider ceased to be pending when the Virginia Beach

Circuit Court entered the May 29, 2009 Order modifying Speller's sentence. Nevertheless, the

limitation period remained tolled because, on April 17, 2009, Speller had filed a letter requesting

the Circuit Court reconsider his sentence. On June 15, 2009, the limitation period recommenced

when the Virginia Beach Circuit Court denied Speller's April 17, 2009 letter request for a

reconsideration of his sentence. The limitation period ran for 7 days, from June 16, 2009 until

Speller filed his June 23, 2009 letter requesting reconsideration of his sentence.

### 3.   The Third Running of the Limitation Period–133 Days

On June 29, 2009, the limitation period recommenced when the Virginia Beach Circuit

Court denied Speller's June 23, 2009 letter requesting reconsideration of his sentence. The

limitation period ran for 133 days until Speller filed his November 10, 2009 letters requesting a

reduced sentence.

### 4.   The Fourth Running of the Limitation Period–28 Days

The limitation period remained tolled from November 10, 2009 until the Virginia Beach

Circuit Court entered its November 19, 2009 Order denying Speller's November 10, 2009 letter

request for a reduced sentence directed to the Clerk of the Virginia Beach Circuit Court. The

limitation period ran for 28 days until Speller filed his letter dated December 18, 2009 requesting

the Virginia Beach Circuit Court to consider reducing his sentence. As of December 18, 2009,

210 days of the limitation period had expired.

5.      **The Fifth Running of the Limitation Period–205 Days**

When the Virginia Beach Circuit Court denied Speller's December 18, 2009 request on December 22, 2009, the statute of limitations resumed. The statute of limitations ran for an additional 205 days until Speller filed his State Habeas Petition in the Virginia Beach Circuit Court on July 16, 2010. Because the statute of limitations ran for at least 415 days before Speller filed his State Habeas Petition raising Claim 2B, Claim 2B is barred by the statute of limitations.

D.     **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Here, neither Speller, nor the record, suggests that any extraordinary circumstance prevented Speller from raising Claim 2B in a timely manner.

E.     **Relation Back**

Although Speller's original § 2254 Petition was filed within the limitation period, Claim 2B does not relate back to that submission for purposes of the statute of limitations. The Supreme Court has stated that, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. Nevertheless, an amended claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time

24

and type from those the original pleading set forth." *Id.* at 650. In this regard, it is not sufficient

that the new claim simply has the same form as the original claims, if the new claim "arises out

of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the

Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the

original petition, and then amending the petition to assert another ineffective assistance claim

based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d

20, 24 (1st Cir. 2005) (*citing Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000);

*United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999)). Here, Speller did not raise any claim

regarding counsel or an appeal in his original § 2254 Petition, thus Claim 2B does not relate back

to the original § 2254 Petition.

The Court notes that, in his Legal Brief in Support of Response in Opposition of the

Respondent's Motion to Dismiss ("Speller's Opposition Brief") (Docket No. 16), which the

Court received on October 5, 2009, Speller mentioned as a *factual matter* that counsel had failed

to file an appeal.[24] That allegation did not properly place Claim 2B before the Court. First,

because Respondent had filed an answer (Docket No. 10), Speller had to request leave to amend

his § 2254 Petition and could not add new claims simply by a passing reference in his legal brief.

*See Snyder v. United States*, 263 F. App'x 778, 779 (11th Cir. 2008) (refusing to consider

---

[24] Speller stated:

> Petitioner did request to appeal his sentence on July 23, 2008. However his public defender did not file an appeal, he filed a Motion to Reconsider. That was misfiled and did not get heard until May 26, 2009. The requested relief from the sentence was not granted (extra 348 points in guidelines and firearm charges– errors).
>
> The only relief received on 5/26/09 was credit for 1 year and 7 months toward sentence in which the petitioner was already entitled to receive anyway because the Norfolk Sentence was ordered to run concurrently . . . .

(Speller's Opp'n Br. ¶ 5.)

petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *Hull v. United States*, Nos. RWT 05-0109, RWT 06-1593, 2008 WL 4181946, at \*3-4 (D. Md. Sept. 5, 2008); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citing cases for the proposition that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Moreover, in order to properly raise a claim for habeas, a petitioner must coherently articulate how facts and law combine to demonstrate a violation of his rights. *See Gray v. Netherland*, 99 F.3d 158, 164-66 (4th Cir. 1996). "A statement of facts sufficient to support a constitutional claim without reference to the legal basis for that claim is not sufficient" to place the constitutional claim before the Court. *Id.* at 162 (*citing Picard v. Connor*, 404 U.S. 270, 277 (1971)). Thus, Speller's passing reference to counsel's failure to file an appeal did not place any legal claim before this Court. *See id.* at 164-66 (concluding petitioner had not raised a particular due process claim in his federal habeas proceeding even though he mentioned the facts that could support such a claim). Thus, the relation back doctrine does not render Claim 2B timely.

Because the statute of limitations bars Claim 2B, Speller's request to amend his § 2254 Petition to add Claim 2B will be DENIED.

### V. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).
No law or evidence suggests that Speller is entitled to further consideration in this matter.  A
certificate of appealability is therefore DENIED.

## VI.  Conclusion

For the foregoing reasons, Speller's Motion to Strike (Docket No. 36) will be DENIED;
Respondent's Second Motion to Dismiss (Docket No. 32) will be GRANTED;  Claims 2A and 4
will be DISMISSED; Speller's attempt to amend his § 2254 Petition to add Claim 2B will be
DENIED; Speller's petition for relief under 28 U.S.C. § 2254 will be DENIED; the action will
be DISMISSED; and the Court will DENY a certificate of appealability.

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States Magistrate Judge

Date: 3-27-12
Richmond, Virginia